Matter of Smith v Town of Thompson Planning Bd.

2026 NY Slip Op 02435

April 23, 2026

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Chester Smith, et al., Respondents,

v

Town of Thompson Planning Board et al., Appellants.

Decided on April 23, 2026

No. 27

Michael A. Fogel, for appellant Glen Wild Land Company LLC.

Steven N. Mogel, for respondents.

New York Association of Towns, amicus curiae.

[*1]

MEMORANDUM:

The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.

By application dated November 12, 2021 and revised December 15, 2021, appellant Glen Wild Land Company LLC (Glen Wild) submitted a project proposal to the Town of Thompson Planning Board (Planning Board) seeking site plan approval and a special use permit to develop two warehouse buildings totaling approximately 560,000 square feet. Glen Wild's application also triggered an environmental review conducted by the Planning Board under the State Environmental Quality Review Act (SEQRA) (ECL art 8). The Code of the Town of Thompson (Town Code) expressly defines "warehouse" and "distribution center" (Code of Town of Thompson § 250-2 [B]). It is undisputed that warehouses are a permitted use, subject to site plan approval and a special use permit, in the property's zoning district, but distribution centers are not. The Town Code's distinction between a warehouse and a distribution center depends on the actual use of the property (see id.).

The Planning Board issued the site plan approval and special use permit on the condition that the property be developed for use as a warehouse as defined by the Town Code. The standard under CPLR article 78 for reviewing final administrative decisions—including the Planning Board's SEQRA, site plan, and special permit [*2]determinations—is "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 416 [1986], quoting CPLR 7803 [3]; see Diocese of Rochester v Planning Bd. of Town of Brighton, 1 NY2d 508, 520 [1956]).

Despite petitioners' contention that the number and density of loading docks reflected in the project proposal "likely" indicates that the property's actual use will differ from what the Planning Board approved, we perceive no error of law or abuse of discretion in the Planning Board's issuance of the site plan approval and special use permit limiting it to use as a warehouse. The Planning Board also conducted its SEQRA review based on the restriction it imposed limiting the property's use to warehousing, and no error in its SEQRA determination appears on this record.

Order reversed, with costs, and judgment of Supreme Court, Sullivan County, reinstated, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.

Decided April 23, 2026